IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| TIMOTHY ROBERT LAUNDRA, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAMELA BONDI, Attorney General of the United States; DANIEL P. DRISCOLL, Acting Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff, Timothy Robert Laundra, by and through undersigned counsel, complains of Defendants as follows:

### INTRODUCTION

Nearly two decades ago, Tim Laundra was a raging alcoholic. He was homeless, jobless and had just been convicted of his third drunk driving offense—a felony punishable by up to five years in prison pursuant to Michigan law. Laundra has completely turned his life around in the past 19 years. He has a very successful career, a home and family, and has proudly maintained his sobriety since July 21, 2006. Yet Laundra suffers from a lifetime prohibition on the possession of firearms, owing to his past conviction, in violation of his Second Amendment rights. He deserves relief.

### THE PARTIES

1.      Plaintiff Timothy Robert Laundra is a natural person and citizen of Michigan and of the United States, residing in Commerce Township, Oakland County, Michigan. Mr. Laundra presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.

2.      Defendant Pamela Bondi is sued in her capacity as the Attorney General of the United States. As Attorney General, Bondi is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

3.      Daniel Driscoll is sued in his capacity as the Acting Director and Head of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). In that capacity, Driscoll is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

5.      Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and the Plaintiff resides, in this judicial district.

## STATEMENT OF FACTS

Plaintiff's Background

6.      Timothy Robert Laundra is over the age of 21, is not under indictment, has never been convicted of a violent felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner and has been fully and completely rehabilitated.

7.      On May 3, 2006, Laundra was convicted by the Oakland County Circuit Court of Oakland County, Michigan, of one count of Operating a Vehicle While Intoxicated, Third Offense, contrary to MCL 257.625(6)(d).

8.      In Michigan, a third drinking and driving offense is punishable by up to five years' imprisonment.

9.      At the time of Laundra's violation, he was homeless and living out of his car.  He was in massive debt and had a 410 credit rating. Today he is married with a daughter in college. Laundra has a degree in Technical Science, having graduated Summa Cum Laude, works as a Chief Field Engineer for JEOL and travels around the world servicing Electron Microscopes. He owns a home and has an 810 credit rating.

10.     Laundra has successfully turned his life around.  He has remained peaceful and law-abiding. He has no other offenses after his 2006 felony conviction and has been sober for 19 years.

11.     Laundra has been married for the past 13 years. The couple has successfully raised their daughter Frida, who is attending her first year of college.

12. Laundra is in his eighth year of employment as a Field Engineer and has been promoted twice, now holding the title of Chief Engineer.

*Defendants' Regulatory Scheme*

13. Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by any person convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

14. Title 18, United States Code § 922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

15. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I –Over-The-Counter," administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

16. Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a

background check on anyone who answers yes to this question, and simply to deny the transaction on the basis of that answer:

> If a prospective purchaser answered "yes" to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you should not contact the NICS because the subject is prohibited from purchasing.

BATF FFL Newsletter, May, 2001, Issue I, at 14, available at http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf (last visited June 10, 2020).

> If the prospective purchaser answers "yes" to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an "proceed" or "denied" response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

BATF FFL Newsletter, September 1999, Issue II, at 2, available at https://www.atf.gov/firearms/docs/newsletter/federal-firearms-licensees-newsletter-september-1999/download (last visited June 10, 2020).

*Defendants' Thwarting of Plaintiff's Presently Intended Transactions*

17. Laundra desires and intends to possess firearms for self-defense and for defense of his family.

18. Owing to his felony conviction, Laundra is prohibited by Defendants from following through with his intent to obtain a firearm, based on Defendants' enforcement of 18 U.S.C. § 922(g)(1).

19. Laundra refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

20. Laundra refrains from purchasing a firearm from a private party, because doing so would subject him to arrest, prosecution, fine, and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1).

21. Should Laundra answer, on Form 4473, that he has been convicted of a crime punishable by imprisonment for over one year, any federal firearms licensee who follows Defendants' directives would refuse to sell Laundra a firearm because Laundra is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1). Thus, Laundra suffers the on-going harm of being unable to obtain firearms from licensed federal firearms dealers, which Laundra would, in fact, obtain but for the enforcement of 18 U.S.C. § 922(g)(1).

COUNT ONE
INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF
RIGHT TO KEEP AND BEAR ARMS, U.S. CONST. AMEND. II

22. The allegations of paragraphs 1 through 22 are incorporated as though fully set forth herein.

23. Laundra is a responsible, virtuous, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen. Laundra is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

24.     On account of Timothy Robert Laundra's unique personal circumstances, including but not limited to the nature of his felony conviction, the successful work he has put into rehabilitation and sobriety, the passage of time since that conviction, Laundra's law-abiding record over the years, his trustworthiness with firearms and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against Laundra, personally, the firearms prohibition of 18 U.S.C. § 922(g)(1), on account of his misdemeanor conviction under 62 Pa. C.S. § 481(a).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1.     A declaration that 18 U.S.C. § 922(g)(1) cannot be applied against Timothy Robert Laundra on account of his 2006 felony conviction under MCL 257.625(5)(a);

2.     A declaration that application of 18 U.S.C. § 922(g)(1) against Timothy Robert Laundra, on account of his 2006 felony conviction under MCL 257.625(5)(a), violates the Second Amendment to the United States Constitution;

3.     An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Timothy Robert Laundra on the basis of his 2006 felony conviction under MCL 257.625(5)(a), and FURTHER directing Defendants to issue Timothy Robert Laundra a Unique Personal Identification Number ("UPIN") under the National Instant Background Check System ("NICS") with which he may purchase firearms, unless Laundra is prohibited from possessing firearms for reasons other than his 2006 felony conviction under MCL 257.625(5)(a);

4.  A declaration that Timothy Robert Laundra's 2006 felony conviction under MCL 257.625(5)(a) does not require him to acknowledge a disabling conviction when purchasing firearms;

5.  Costs of suit;

6.  Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

7.  Any other further relief as the Court deems just and appropriate.


Dated: November 22, 2025                           Respectfully Submitted,


                                              /s/ James J. Makowski
                                              MI Bar No. P62115
                                              18306 Middlebelt Road
                                              Livonia, MI 48152
                                              313.434.3900
                                              jm@makowskilegal.com